IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA SIGMUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1417 |
| UFCW NATIONAL PENSION FUND, | ) | Judge Nora Barry Fischer |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Presently before the Court are the Notice of Removal from the Court of Common Pleas of Allegheny County filed by Defendant UFCW National Pension Fund (Docket No. 1), Plaintiff Cynthia Sigmund's Complaint (Docket No. 1-2), her Motion to Remand (Docket No. 4), her Memorandum in Support (Docket No. 5) and the Declaration of James T. Carney (Docket No. 6), as well as Defendant's Response to Plaintiff's Motion to Remand (Docket No. 8). Upon consideration of these submissions, and for the following reasons, it is hereby ORDERED that Plaintiff's Motion [4] is DENIED.

Plaintiff maintains that this matter should be remanded to the Court of Common Pleas because it was not removed within 30 days of August 20, 2010, i.e., the date of the alleged service of her complaint on Defendant. (Docket No. 5). Defendant contends that it was not properly served in accordance with Pennsylvania law on that date, thus, the 30 day time period for removal did not commence as of August 20, 2010. (Docket No. 8). Rather, Defendant argues that the removal on October 25, 2010 was timely because it was never properly served, and that it did not waive service until it filed the notice of removal in this Court. (*Id.*).

1

As the removing party, Defendant has "the burden to establish the propriety of removal and all doubts must be resolved in favor of remand." *LaCaffinie v. The Standard Fire Ins. Co.*, Civ. A. No. 10-207, 2010 U.S. Dist. LEXIS 53151 at *2 (W.D.Pa. May 28, 2010) (citing *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990); *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). A notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). Our Court of Appeals has recognized that "the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." *Di Loreto v. Costigan*, 351 Fed.Appx. 747, 751 (3d Cir. 2009) (citing *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)).

State law governs whether service is effective under the removal statutes and Pennsylvania law is applicable here. *Cmiech v. Electrolux Home Pros., Inc.*, 520 F. Supp. 2d 671, 674 (M.D. Pa. 2007). For service to be effective, among other requirements, Rule 401(c) of the Pennsylvania Rules of Civil Procedure mandates that "[t]he copy of the original process to be served upon the defendant shall be attested by the prothonotary or certified by the plaintiff to be a true copy." Pa. R. Civ. P. 401(c). In addition, Rule 405(c) demands that "[p]roof of service by mail under Rule 403 shall include a return receipt signed by the defendant." Pa. R. Civ. P. 405(c). The pleadings and other documents submitted to this Court demonstrate that Plaintiff did not comply with either of these requirements – the copy of the complaint presented to Defendant for service is not a "true copy" of the complaint filed with the Court of Common Pleas because the two complaints are not identical, (*compare* Docket Nos. 1-2 *and* 8-1), and there is no return

receipt signed by Defendant attached to Plaintiff's proof of service that was filed with the Court of Common Pleas, (Docket No. 1-3). Therefore, Defendant has met its burden to demonstrate that it was not properly served in accordance with the requirements of Rules 401(c) and 405(c) of the Pennsylvania Rules of Civil Procedure. Accordingly, the removal was proper under 28 U.S.C. § 1446(b) and Plaintiff's Motion to Remand [4] is DENIED.

Finally, because this Court has denied the motion to remand this case to the Court of Common Pleas, there is no basis for an award of attorney's fees and costs under 28 U.S.C. § 1447(c). *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Thus, Plaintiff's Motion [4] is also denied to the extent that she seeks attorney's fees and costs.

 s/ Nora Barry Fischer  
Nora Barry Fischer  
United States District Judge

Date: November 16, 2010

cc/ecf: All counsel of record.